UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Howard, | ) | C/A No. 9:12-00711-DCN-BM |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden Leroy Cartledge, | ) | |
| Respondent. | ) | |

Petitioner Christopher Howard ("Petitioner"), a state prisoner proceeding *pro se*, files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to vacate his state sentence and conviction for murder entered October 25, 1999.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. A federal district court is also charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *Erickson v. Pardus*, 551 U.S. 89 (2007), and *pro se* petitions are therefore held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d



1147, 1151 (4th Cir.1978). However, even when considered under this less stringent standard, the Petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

DISCUSSION

Petitioner has previously filed a § 2254 petition in this Court challenging his state conviction for murder entered in 1999 after a plea of guilty.[1] His initial § 2254 petition was dismissed by this Court with prejudice because it was untimely. *Howard v. Burtt, Warden*, C/A No. 0:06–2233–DCN (D.S.C.). Hence, Petitioner's current § 2254 habeas action is his second challenge to his 1999 state conviction for murder, and there is nothing in the Petition filed in this case indicating that Petitioner requested and received authorization from the United States Court of Appeals for the Fourth Circuit to file this successive case, which raises claims against the validity of the 1999 conviction which could have been brought in his first habeas case. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal postconviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (footnote omitted). On April 24, 1996, the President of the United States signed into law the Anti–Terrorism and

---

[1] This Court may take judicial notice of its own files and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2



Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). The "gatekeeping" mechanism created by the AEDPA added section 2244(b)(3)(A), which provides that, before a second or successive application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. Hence, under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[2]

Because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file this successive § 2254 Petition, this Court does not have jurisdiction to consider Petitioner's current successive challenge of his 1999 state conviction. Therefore, to the extent Petitioner asks this Court to vacate his sentence and conviction, the instant action is subject to summary dismissal without service of process on the Respondent. *See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir.2006) (in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those

---

[2] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a *prima facie* showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.2000).

3



actions that plainly lack merit).

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition be dismissed without prejudice as a successive petition and without requiring the Respondent to file a return.

_____
Bristow Marchant
United States Magistrate Judge

April 12, 2012
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

