# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CHRISTOPHER HOWARD, ) | |
| ) | No. 9:12-cv-00711-DCN |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WARDEN LEROY CARTLEDGE, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on objections to the Report and Recommendation (R&R) of the magistrate judge that this court dismiss without prejudice Christopher Howard's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 as a second or successive petition.

In 1999, Howard pled guilty to three counts of murder. He filed a § 2254 petition in this court on September 15, 2006, which was dismissed with prejudice on September 13, 2007 for failure to comply with the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1). Howard v. Burtt, No. 06-2573, 2007 WL 2710761 (D.S.C. Sept. 13, 2007). Howard then filed a § 2254 petition on March 12, 2012, again challenging his 1999 state court convictions for murder. The magistrate judge recommended that it be dismissed without prejudice as a successive petition.

On April 20, 2012, Howard moved for an extension of time to file objections to the R&R. On April 23, he filed objections to the R&R.[1] On April 25, the court granted the motion for an extension until May 14, but on May 2, entered an order adopting the R&R and dismissing the case without prejudice. On May 8, Howard filed a motion for

---

[1] The date of filing is the date a pleading is delivered to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

reconsideration of that order. Between May 8 and May 15, Howard also filed a motion for a writ of mandamus (on May 11) and another motion for reconsideration (on May 14). On May 15, realizing that the court had previously granted Howard an extension of time to file objections to the R&R until May 14, the court found it prudent to provide Howard with an extension until June 8 to file any additional objections. On May 29, Howard filed amended objections to the R&R.

On June 14, the court issued an order denying the May 8 motion for reconsideration, May 11 motion for writ of mandamus, and May 14 motion for reconsideration. Howard then wrote letters to the court on June 25, July 18, August 3, and August 13.

Howard's main concern is that his May 8 motion for reconsideration was initially "granted" but later "denied." Howard misconstrues the court's order issued on May 15. The purpose of this order was to allow Howard additional time to file objections; it did not reflect a stance on the merits of the magistrate judge's R&R or the court's order adopting the R&R. Howard is still unclear whether or not the court has decided to overrule his objections to the R&R.

The court has reviewed all of the pleadings subsequently filed by Howard, including any objections presented in his letters dated April 23, May 8, May 11, May 14, May 29, June 25, July 18, August 3, and August 13. The court holds that the reasons for dismissing Howard's § 2254 petition were adequately summarized in the magistrate judge's R&R. Although Howard contends that his most recent § 2254 petition is not "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996, the dismissal of a petition with prejudice constitutes a resolution on the merits for

purposes of applying the second or successive provisions of 28 U.S.C. § 2244(b). See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that in order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002) (holding that dismissal of a habeas petition for procedural default is a dismissal for purposes of determining whether a habeas petition is successive). Unlike in a case where a petitioner's initial habeas petition was dismissed for failure to exhaust administrative remedies and the petitioner's subsequent petition was not considered successive, see, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998), the court does not have jurisdiction over the instant § 2254 petition because the previous § 2254 petition was dismissed with prejudice on the merits.

Based on the foregoing, and after reviewing all submissions by Howard, the court **ADOPTS** the magistrate judge's R&R and **DISMISSES** the § 2254 petition without prejudice.

The court also **DENIES** a certificate of appealability because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**August 30, 2012
Charleston, South Carolina**